IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN YORK and TIFFANY KHOSHABA, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15 C 11699 |
| DIXON GOLF, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Counsel for defendant Dixon Golf, Inc. ("Dixon Golf") have filed its "Answer to Plaintiffs' Class and Collective Action Complaint," which reflects the sharply different views held by the litigants -- matters as to which this Court of course expresses no substantive judgment at this threshold stage of the litigation. By definition, whether or not plaintiffs Brian York and Tiffany Khoshaba have viable claims under the federal Fair Labor Standards Act and the Illinois Minimum Wage Law are subjects for future consideration. Instead this sua sponte memorandum order addresses the "Defenses and Other Avoidances" that follow the Answer proper, a subject as to which Dixon Golf's counsel would do well to review the discussion as to affirmative defenses ("ADs") in App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

In this instance various of the ADs sought to be advanced by Dixon Golf's counsel are quite problematic. Without any effort to be exhaustive (that will be left to plaintiffs' counsel), here are problems that are worth noting:

1. ADs 1 through 3, which are framed in amorphous terms, raise issues that should be addressed at the outset of this litigation, rather than sitting there as ticking time bombs that might explode and change the nature or scope of the lawsuit at some indefinite future date. If the issues raised in any of those ADs are to be dealt with, Dixon Golf's counsel must present them in the form of a properly supported motion or motions so that they can be dealt with up front and thus shape the development of the litigation. If no such motions are noticed up and presented on or before March 25, ADs 1 through 3 will be stricken with prejudice.

2. AD 6 runs counter to the fundamental concept of an AD, which requires a defendant to accept the plaintiffs' allegations arguendo but nonetheless to state a predicate for nonliability or lesser liability on the part of the defendant. In this instance AD 6 directly contradicts the allegation in Complaint ¶ 57.a.iv. as well as the thrust of a number of plaintiffs' other allegations. Because Dixon Golf's counsel have put the matter in issue by its flat-out denial in Answer ¶ 57, nothing is gained by the advancement of AD 6. It is stricken.

3. It is highly doubtful that Dixon Golf has knowledge, at this point, of any asserted failure to mitigate damages that may be placed at plaintiffs' doorstep. Instead it appears that AD 7 is not properly advanced at this time, although that issue can be raised in the future if Dixon Golf is then in

the position to do so as a result of discovery or otherwise. For the present, though, AD 7 is stricken as well.

4. Lastly, the asserted reservation of a right to add further ADs is both meaningless and needless. As and when knowledge or information may come to Dixon Golf that would justify such further ADs, they may be raised by timely motions. For the present, however, that claimed reservation is stricken as well.

						_____
						Milton I. Shadur
						Senior United States District Judge

Date: March 4, 2016