IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN YORK** and **TIFFANY KHOSHABA**, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15 C 11699 |
| **DIXON GOLF, INC.**, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This Court's March 4, 2016 memorandum order ("Order") was issued sua sponte to address certain of the affirmative defenses ("ADs") advanced by counsel for defendant Dixon Golf, Inc. ("Dixon Golf") that appeared problematic. For the reasons in the Order, this Court set a March 25 deadline as to ADs 1 through 3 for their presentment "in the form of a properly supported motion or motions so that they can be dealt with up front and thus shape the development of the litigation," failing which those ADs would be stricken with prejudice.

At today's status hearing in the case, counsel for Dixon Golf raised an issue as to AD 3, which had referred to a two-year statute of limitations under the Fair Labor Standards Act ("FLSA"), the statute that constitutes the principal predicate for this action against Dixon Golf. As counsel pointed out, a two-year limitation applies under the FLSA if it is established that defendant violated that statute but did not do so willfully (here Complaint ¶¶ 62 and 63 charge Dixon Golf with willful violations of the FLSA, and Dixon Golf has denied each of those allegations).

To clarify the record, AD 3 is stricken at this time. But that striking is without prejudice to Dixon Golf's reassertion of the two-year limitation period if, as and when plaintiffs establish that Dixon Golf did violate the FLSA but fail to prove that the violation was willful.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: March 16, 2016